# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:24-cr-00016 |
| Plaintiff, | Magistrate Judge Caroline H. Gentry |
| vs. | |
| RE'AL TRESHON STREETY, | |
| Defendant. | |

## DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. NO. 5)

This case came before the Court on the Government's Motion for Pretrial Detention (Doc. No. 5), which seeks to detain Defendant Re'Al Streety ("Defendant") prior to trial. This Court held a hearing and granted the Motion at the end of the hearing. This opinion sets forth the Court's findings of fact and statement of reasons for granting the Motion and orders certain conditions for Defendant's pretrial detention.

I.   **LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "***shall*** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the

1

person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the Government charges the defendant by filing a complaint, however, then the Court must "find[] that there is probable cause to believe that the person committed" the offenses that give rise to a rebuttable presumption. 18 U.S.C. § 3142(e)(3). Significantly, the Court makes this finding based upon the record before it at the detention hearing. Therefore, the Court neither defers to the probable-cause finding that supported issuing the complaint, nor preempts the probable-cause determination at the upcoming preliminary hearing.

than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on

3

## II. ANALYSIS

For the reasons stated at the detention hearing and further described below, and based upon the evidence before the Court at the time of the hearing, the Court finds that the Government met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at required court appearances if he is released. The Court also finds that the Government met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Defendant is released. Therefore, the Court grants the Motion.

The Court notes, however, that if Defendant moves to reopen the detention hearing based upon additional evidence that addresses the Court's concerns expressed during the hearing and in this opinion, then the Court will promptly consider such a motion.

### A. Rebuttable Presumption

No rebuttable presumption applies in this case. Therefore, this factor is neutral.

### B. Nature and Circumstances of the Offense

The Affidavit attached to the Complaint provides probable cause to believe that Defendant committed the crime of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This offense is not considered to be a crime of violence. *U.S. v. Hardon*, Case No. 98-1625, 1998 U.S. App. LEXIS 12180, *2-3 (6th Cir. June 4, 1998). Moreover, the circumstances leading up to Defendant's arrest do not

---

parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

involve either actual or threatened violence. Nevertheless, criminal offenses that involve firearms support a finding of dangerousness even absent a propensity for violence. *U.S. v. Stone*, 608 F.3d 939, 947-48 & n.7 (6th Cir. 2010). Therefore, this factor weighs slightly in favor of detention.

    **C. Weight of Evidence of Risk of Flight or Dangerousness**

Although it is a close call, the Court finds that the Government has proven by clear and convincing evidence that Defendant poses a significant risk of danger to the community. This finding is based upon Defendant's two prior convictions for having weapons under a disability and one prior conviction of assault. Given Defendant's young age, his repeated violations of the law are quite troubling. The Court is chiefly concerned that Defendant will continue to possess firearms if he is released from detention.

Notably, the Court does not base its finding upon the fact that Defendant was previously tried, ***and acquitted***, on charges of murder and felonious assault, among other charges. The Court has the discretion to consider a wide range of evidence. However, it disagrees with the Government's argument that it should consider the "unusual" fact that Defendant was accused of murder. The jurors found Defendant not guilty and they have the final word. The Court will not second-guess their decision.

Other evidence weighs against a finding of dangerousness. Although Defendant's criminal convictions are serious, they are few in number. Given Defendant's young age and the lack of a lengthy criminal history, it appears that he could greatly benefit from the resources that the Pretrial Services Office is able to provide to defendants who are not detained prior to trial. These considerations weigh in favor of giving Defendant the

chance to take advantage of these resources and demonstrate that he can and will comply with Court-ordered conditions of release.

On balance, based upon the evidence before the Court at this time, the Court finds that the Government has (barely) met its burden of proving that there will be a significant risk to the community if Defendant is released prior to trial, and that no conditions are sufficient to reasonably assure the safety of other persons and the community. If the Court were presented with additional evidence that addresses its concerns that Defendant will continue to possess firearms if he is released, then it would reconsider this finding.

Similarly, based upon the evidence before it at this time, the Court finds that the Government has met its burden of proving by a preponderance of the evidence that no conditions of release will reasonably assure Defendant's appearance in required judicial proceedings. This finding is based partly upon the absconder capias warrants that were previously issued and, more importantly, upon the lack of information about a suitable residence for Defendant if he were released. At this time, the information before the Court is that Defendant's mother is temporarily residing in Columbus and plans to move back to Tennessee. Although Defendant's sister has offered to let him live with her, there is insufficient information to find that such an arrangement would be appropriate. The Court also has no information about the suitability of the location where Defendant's father resides, or whether his father is amenable to location monitoring and the removal of firearms. If the Court were to be presented with additional evidence that addresses its concerns about the risk of non-appearance, then it will reconsider this finding.

### D. Defendant's History and Characteristics

The evidence relating to Defendant's history and characteristics is mixed. As noted, Defendant has been convicted twice of having weapons while under a disability. He has also been convicted of assault and possession of fentanyl. Because these are very serious criminal offenses—involving firearms, violence and drugs—these convictions weigh in favor of detention. Similarly, the prior absconder capias warrants and the lack of a suitable residence also weigh in favor of detention.

On the other hand, Defendant is a young person who spent eighteen months in jail awaiting trial before he was acquitted of serious criminal charges. He then lived with his mother in Tennessee, where there is no evidence of further criminal activity. Defendant's lack of a lengthy criminal history, and the likelihood that he would benefit from resources made available to defendants who are released prior to trial, weigh against detention.

On balance, the evidence weighs slightly in favor of detention. If the Court were to consider additional evidence, then it may revisit this finding.

### E. Nature and Seriousness of Danger Posed to The Community

The unlawful possession of firearms inherently poses a serious danger to other persons and the community. Based upon the evidence described in the Affidavit attached to the Complaint, as well as Defendant's prior convictions for having weapons under disability, the Court finds that this factor weighs in favor of detention.

## III. CONCLUSION

After weighing all the relevant factors, the Court finds that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure (1)

Defendant's appearance as required by the Court and (2) the safety of other persons and the community. Therefore, the Government's Motion (Doc. No. 5) is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1) Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) Defendant be afforded reasonable opportunity for private consultation with counsel; and

3) On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which Defendant is confined deliver Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

                                                      */s/ Caroline H. Gentry*
                                                      Caroline H. Gentry
                                                      United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.