UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RE'AL TRESHON STREETY,

    Defendant.

Case No. 3:24-cr-16

District Judge Michael J. Newman

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
THE INDICTMENT (Doc. No. 50)**

On February 11, 2025, the grand jury issued a superseding indictment charging Defendant Re'al Treshon Streety with two counts of being a felon in possession of a firearm and one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Doc. No. 38. This case is before the Court upon Defendant's motion to dismiss the new indictment (Doc. No. 50), the Government's memorandum in opposition (Doc. No. 51), and Defendant's reply (Doc. No. 52).

Defendant contends that dismissal of the superseding indictment is warranted because his prosecution violates his right to keep and bear arms under the Second Amendment to the United States Constitution. Doc. No. 50 at PageID 111-18. The Government argues that § 922(g)(1) can be constitutionally applied to all felons and to dangerous individuals, including Defendant. Doc. No. 39 at PageID 87, 92.

**I.**

Having carefully reviewed Defendant's motion and his criminal record, the Court finds that his motion lacks merit because he has failed to meet his burden to show he is not a danger to others,

and the Court finds, based on the record before it, that Defendant presents such a danger. Assuming, *arguendo*, that it needs to reach the merits of this issue in more detail, the Court turns to a more detailed analysis of Defendant's motion and the Second Amendment issues he raises.

## II.

On February 8, 2024, Defendant was arrested and charged with being a felon in possession of a firearm.[1] Doc. No. 11 at PageID 20. This charge was based on his prior felony conviction in state court for possession of a fentanyl-related compound. Doc. No. 1 at PageID 3; Doc. No. 11. Public records reveal that this constituted a fourth degree felony under Ohio Rev. Code § 2925.11(A). *See State of Ohio v. Real Streety*, Case No. 2019CR00905 (Termination Entry Aug. 25, 2020)[2]; *see also* Ohio Rev. Code § 2925.11(C)(11)(b). A fourth degree felony under Ohio law is punishable by a definite term of imprisonment of six to eighteen months. *See* Ohio Rev. Code § 2929.14(A)(4). Defendant acknowledges he has prior convictions for having weapons under a disability and obstruction of justice. *See* Doc. No. 50 at PageID 111; *see* Doc. No. 10 at PageID 17-18.

## III.

The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms." U.S. Const. amend. II.

Section 922(g)(1) "makes it illegal for anyone convicted of 'a crime punishable by imprisonment for a term exceeding one year' to possess a firearm." *United States v. Williams*, 113 F.4th 637, 643 (6th Cir. 2024) (quoting § 922(g)(1)). Section 922(g)(1) "is constitutional as it applies to dangerous individuals." *Id*. at 662. This Court's "dangerousness determination will be fact-specific,

---

[1] His later-issued superseding indictment included this same charge and two additional charges of being a felon in possession on a later date. Doc. No. 38 at PageID 91.

[2] This termination entry can be found by a public records search (case number 2019CR00905) on the Montgomery County, Ohio Clerk of Courts' website. *See* https://pro.mcohio.org/.

depending on the unique circumstances of the individual defendant." *Id*. at 660. "[A]n individual [defendant] has … the burden to demonstrate that he is not dangerous and falls outside of § 922(g)(1)'s constitutionally permissible scope." *Id*. at 657.

Defendant raises an as-applied challenge to § 922(g)(1)[3]—specifically that § 922(g)(1), as applied to him, violates the Second Amendment because his prior juvenile adjudication for possession of heroin did not involve a violent offense and did not involve, or result in, a felony conviction.[4] Doc. No. 50 at PageID 111-12, 118-21. Defendant is correct to point out that his juvenile adjudication did not result in a felony conviction for possession of heroin. *See* Doc. No. 10 at PageID 17. Consequently, the Government may not rely on his juvenile adjudication to support his charges under § 922(g)(1) of being a felon in possession of a firearm. *See Williams*, 113 F.4th at 643.

Despite this, Defendant, as noted, has a prior conviction for possession of a fentanyl-related compound that involved an offense punishable by a term of imprisonment exceeding one year. *See supra*, § II. Having satisfied this requirement of § 922(g)(1), the inquiry turns to whether Defendant has met his burden to show he is not a dangerous individual. *See Williams*, 113 F.4th at 659-60; *see Morton*, 123 F.4th at 499.

To that end, Defendant contends his prior adult convictions for possession of a fentanyl-related compound, having weapons under a disability, and obstruction of official business were not violent offenses and do not support the notion he is a dangerous individual. Doc. No. 50 at PageID 111; No. 52 at PageID 145-48.

Defendant has fallen short of his burden to show he is not a dangerous individual. His

---

[3] Defendant does not argue that § 922(g)(1) is unconstitutional on its face. *See* Doc. Nos. 50, 52.

[4] "While § 922(g)(1) is commonly known as the "felon-in-possession" law, by its terms it applies to both misdemeanors and felonies punishable by a prison term exceeding a year." *Williams*, 113 F.4th at 643, n. 1.

conviction for possessing a fentanyl-related compound, although admittedly involving a small amount of fentanyl, concerned such a highly dangerous narcotic that even a small amount poses significant risks to health and life. *See United States v. Brown*, 538 F.Supp.3d 154, 170 (D.D.C. 2021) ("Fentanyl, a synthetic opioid, is '50 to 100 times more potent than morphine' and '50 times more potent than heroin'"). Defendant's convictions—for having weapons while under a disability and for possession of drugs—reinforce this finding of dangerousness. *See* Doc. No. 10 at PageID 17; *see also United States v. Palm*, No. 24-1524, 2025 WL 1927724, at *1 (6th July 14, 2025) ("Courts have long recognized that 'drugs and guns are a dangerous combination.'" (quoting *Smith v. United States*, 508 U.S. 223, 240 (1993))); *Williams*,113 F.4th at 663 ("A person convicted of a crime is 'dangerous,' … if he has committed … a crime that that inherently poses a significant threat of danger, including (but not limited to) drug trafficking[.] [Such an] individual … will have a very difficult time, to say the least, of showing he is not dangerous"). In addition, Defendant has a history of fleeing while on bond, thus showing his unwillingness to follow the law and his lack of respect for it. *See* Doc. No. 10 at PageID 17.

For the above reasons, Defendant has not met his burden to show he does not present a danger to others. Consequently, the superseding indictment and prosecution Defendant faces in the instant case pursuant to § 922(g)(1) do not violate his rights under the Second Amendment.[5]

## IV.

Accordingly, Defendant's motion to dismiss the indictment is **DENIED**.

**IT IS SO ORDERED.**

July 18, 2025             s/*Michael J. Newman*
                          Hon. Michael J. Newman
                          United States District Judge

---

[5] Given this conclusion, there is no present need to reach the Government's contention that § 922(g)(1) can be constitutionally applied to all felons. Doc. No. 39 at PageID 92-96.